UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : BANKRUPTCY NO. 00-11232 |
| | : CHAPTER 7 |
| RALPH RAYMOND LOSAK, JR. and | : |
| SUSAN MARIE LOSAK, DEBTORS | : |
| | : |
|    RALPH RAYMOND LOSAK, JR. and | : ADVERSARY NO. 07-1032 |
|    SUSAN MARIE LOSAK, Plaintiffs | : DOCUMENT NO. 1 |
|    vs. | : |
| BENEFICIAL CONSUMER | : |
| DISCOUNT COMPANY, Defendant | :: |

## MEMORANDUM

Ralph Raymond Losak, Jr. and Susan Marie Losak (the "Debtors") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on July 20, 2000 and received their discharge on November 16, 2000. At the time of the bankruptcy filing, Debtors owned a 1979 Duke Royal Mobile Home (the "Mobile Home") situated on a rented lot. This Mobile Home was subject to a lien in favor of Beneficial Consumer Discount Company ("Beneficial").

On September 16, 2006, Debtors' bankruptcy case was reopened. Before the Court is Debtors' COMPLAINT TO DISCHARGE DEBTORS RESPONSIBILITY TO DEBT AND ASSIGN SAID DEBT AND OWNERSHIP OF MOBILE HOME TO RESPONDENT, BENEFICIAL CONSUMER DISCOUNT COMPANY[1]. Debtors assert that they moved from the Mobile Home in October 1997 "and had provided notice of same to Beneficial and had ceased paying on said debt [to Beneficial] in October 1997." Debtors further assert "[t]hat during the . . . bankruptcy proceeding debtors determined

---

[1] Debtors subsequently filed an Amended Complaint at Document No. 11. The Amended Complaint was later withdrawn.

that they did not have sufficient funds to maintain the mortgage (sic) on said trailer and having previously surrendered the title to Beneficial and notifying them of same (sic)."

In the Statement of Intentions filed with the Petition, Debtors indicated an intent to reaffirm the obligation to Beneficial on the Mobile Home. Beneficial provided the Debtors a reaffirmation agreement. Rather than sign the reaffirmation agreement, Debtors assert that they "advised Beneficial that they would not be retaining the property."

Debtors assert that lot rent and property taxes for the Mobile Home have accrued from October 1997 to the present. After being contacted by Debtors in March 2006, Beneficial satisfied its lien against the Mobile Home. Debtors assert that $29,400 is presently due for lot rent and $6,546.84 for taxes.[2]

Debtors seek an Order that Beneficial is solely responsible for unpaid lot rent and taxes from the year 2000 forward.

The key issue is whether the Debtors surrendered the Mobile Home to Beneficial and whether Beneficial agreed to accept the surrender of the collateral. In that regard, Debtors assert in ¶11 of the Complaint:

> 11. That Debtors contend and maintain that they surrendered the title to Beneficial, ceased payments on this debt, that Beneficial was notified of their bankruptcy and that Beneficial accepted the trailer under the terms of its mortgage agreement (secured interest agreement).

The "surrender" of a debtor's collateral involves the debtor's surrendering the collateral to the lienholder who then disposes of it pursuant to the requirements of state

---

[2] While the issue of the amount of lot rent due is not presently before us, we direct Debtors' attention to In re Miller, 282 F.3d 874 (6th Cir. 2002) which held that a debtor's mobile home park lease was automatically rejected under 11 U.S.C. § 365 and that any debt owed for lot rent is deemed prepetition and is discharged.

2

law.  In re Phillips, 368 B.R. 733, 742-44 (Bankr. N.D. Ind. 2007); In re Koeller, 170 B.R. 1019, 1023 (Bankr. W.D. Mo. 1994) citing In re Taylor, 3 F.3d 1512, 1514 N.2 (11th Cir. 1993) "Under the Bankruptcy Code, the surrender of collateral requires the mutual agreement between the parties and occurs as a result of the consent of both parties." Koeller at 1023 citing In re Service, 155 B.R. 512, 514 (Bankr. E.D. Mo. 1993).  As stated in In re Service:

> The Code nowhere defines or elaborates on the meaning of "surrender" as it is used in Chapter 13.  However, in explaining the distinction between "abandonment" and "surrender" under the Bankruptcy Code, one Court explained that surrender of collateral requires a mutual agreement between the parties. *In re Robertson*, 72 B.R. 2, 4 (Bankr. D. Colo. 1985).  In *Robertson*, noting the absence of authority discussing or defining the term "surrender," the court looked to *Black's Law Dictionary* and observed that "surrender" is "a contractual act and occurs as a result of the consent of both parties."  *Id. See also, In re Williams,* 70 B.R. 441, 443 (Bankr. D. Colo. 1987) (citing with approval the *Robertson* definitions of abandonment and surrender); *In re Rimmer*, 143 B.R. 871, 876 (Bankr. W.D. Tex. 1992) (stating that a debtor could not surrender collateral in a confirmed plan absent consent of the secured creditor).

In re Service, 155 B.R. at 514.

Debtors' allegations of surrender and acceptance are at best inconsistent and non-specific.  Debtors first assert that they moved out of the Mobile Home in 1997 and provided notice to Beneficial.  Then, three years later, in the Petition, Debtors indicate an intent to reaffirm the debt which was not completed.  Debtors state that they surrendered the "title" to Beneficial.

Debtors fail to indicate how and when they surrendered the Mobile Home to Beneficial and more importantly, fail to allege that Beneficial accepted the surrender of

3

the Mobile Home (other than "under the terms of its mortgage agreement"). The terms of the mortgage agreement fail to constitute Beneficial's consent or agreement to accept Debtors' "surrender" of the collateral.

Accordingly, Debtors' Complaint must be dismissed. An appropriate Order will be entered.

Dated: September 21, 2007

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge

c: Jeffrey A. Connelly, Esq.
Angela M. Michael, Esq.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 00-11232 |
| | : | CHAPTER 7 |
| RALPH RAYMOND LOSAK, JR. and | : | |
| SUSAN MARIE LOSAK, DEBTORS | : | |
| | : | |
| RALPH RAYMOND LOSAK, JR. and | : | ADVERSARY NO. 07-1032 |
| SUSAN MARIE LOSAK, Plaintiffs | : | DOCUMENT NO. 1 |
| vs. | : | |
| BENEFICIAL CONSUMER | : | |
| DISCOUNT COMPANY, Defendant | :: | |

## ORDER

This 21st day of September, 2007, in accordance with the accompanying Memorandum, it shall be and hereby is ORDERED that COMPLAINT TO DISCHARGE DEBTORS RESPONSIBILITY TO DEBT AND ASSIGN SAID DEBT AND OWNERSHIP OF MOBILE HOME TO RESPONDENT, BENEFICIAL CONSUMER DISCOUNT COMPANY is DISMISSED.

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge